IN THE United States District Court
For The District of Delaware

Michael Durham,
    Petitioner,

  v.

Thomas Carroll,
    Respondent,

Cr. Id# No. 0208019524

07-370

FILED

JUN 11 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

On Appeal From the Supreme Court of the
State of Delaware In And For Delaware
    Bo scanno.

This is Respondent opening Brief in Support
of his Habeas Corpus Relief

Dated: 5-30-07

Michael Durham
Michael Durham
S.B.I. 00161286
Del. Corr. Center
1181 Paddock Rd.
Smyrna, De. 19977

TABLE OF CONTENTS

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . Page.#(2).

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . Page.#(3)

SUMMARY OF THE ARGUMENT . . . . . . . . . . . Page.#(5)

STATEMENT OF FACTS . . . . . . . . . . . . . . . Page.#(6).

ARGUMENT . . . . . . = Pages.

(I.) "Prosecutorial misconduct", in allowing a defence witness to be placed within the same holding cell during trial, and "useing" the inferrence/circumstance. to discredit the exculpatory defence witness Quentin henry, along with "trial counsels ineffectiveness" in failure to object to states discredit, nor bring to light full record of facts which show state awareness before circumstance existed, which shows the prejudice do to state negligence, which denied defendant a fair trial, trial court, Page #(8.) erred in not granting Rule 61 hearing. to ensure strickland standard.

(II.) "Prosecutorial misconduct/ ineffective assistance of counsel" in failure to object to, and move to exclude, the state presenting perjured testimony by police officer, Detective humphrey, which caused the improper bolstering of the prosecution witness taylors "alleged" identification of the defendant, and inferred to the jury, the reliability of an "unreliable" identification, which denied and prejudiced defendants right to fair trial, and effective counsel, U.S.C.A. 6th trial court erred in not granting R.61 hearing. Page #(13.)

(III.) Trial court abused it's discretion in denied motion for a new trial "do to juror 9th, inattentiveness, along with defence counsels negligent ineffectiveness in not bringing to light all facts of error, through calling the other juror that actually nudged (juror 9th whom was asleep) to testify, which caused an undeveloped record of facts, and proof of the prejudice done to the defendant, which caused his motion to be erre neously denied, and prejudices right to a fair trial, & effective counsel R.61 hearing should have been, Page #(15.) granted to question other juror, to prove prejudice, and ensure prejudice of strickland.

CONCLUSION . . . . . . . . . . . . . . . Page #(17.)

SUPERIOR COURT RULING . . . . . . . . Page #(18.)

TABLE OF CITATIONS

CASES.

See, Marshall v. Hendricks, 307 F.3d 36, 65 (3d Cir. 2002). (Argument I.) also,

See, Washington v. Harris, 650 F.2d 447, 454 (2d Cir. 1981) see also,

&  : US. v. Machuca-Barrera, 261 F.3d 425, 436 (5th Cir. 2001). Principal will apply in support of (Argument I.) see and compare.

See, Jenkins v. Artuz, 294 F.3d 284, 294 (2d Cir. 2002). see also, U.S. v. Burch, 156 F.3d 1315, 1329 (D.C. Cir. 1998). in support of (argument II.).

See, kennaugh v. Miller, 289 F.3d 36, 46 (2d Cir. 2002). see also, Sherley v. Seabold, 929 F.2d 272, 274-75 (6th Cir. 1991) (Argument II.).

See, Pavel v.      Hollins, 261 F.3d 217-18 (2d Cir. 2001). See also, Burns v. Gammon, 260 F.3d 892, 897 (8th Cir. 2001). in support of (Argument III.)

STATUTES.

U.S.C.A 6th & 14th

11 Del. C. Sec. 3507

## NATURE AND STAGE OF THE PROCEEDINGS

Michael Durham, Defendant was charged by Indictment with:

Count: 1st Possession of a firearm during comm. of a felony, in violation of 11. Del. c. sec. 1447 A.

Count: 2nd Burglary first, in violation of 11. Del. c. sec. 826.

Count: 3rd Possession of a firearm during the Comm. of a felony, in violation of 11. Del. c. sec. 1447 A.

Count: 4th Attempted robbery 1st, in violation of 11. Del. c. sec. 531.

Count: 5th Reckless endangering First, in violation of 11. Del. c. sec. 604.

Count: 6th Possession of a firearm during the commission of a felony, in violation of 11. Del. c. sec. "1447" A.

Count: 7th conspiracy 2nd, in violation of 11. Del. c. sec. 512.

Count: 8th Terroristic Threatening, in violation of 11. Del. c. sec. 621.

Count: 9th Assault 2nd, in violation of 11. Del. c. sec. 612.

Count: 10th Endangering the welfare of a child, in violation of 11. Del. c. sec. 1102.

Count: 11th Criminal Mischief, in violation of 11. Del. code. sec. 811.

Count: 12th Aggravated Menacing, in violation of 11. Del. c. sec. 602.

Count: 13th Possession of a firearm During the Commission of a felony, in violation of 11. Del. c. sec. 1447 A. ~~Defendant was found guilty~~

Trial commenced on December 1st 2003. On December, 4th 2003, Defendant durham was found guilty of courts 1st through 12th and 13th, defendant was found guilty of a lesser included offense of count 9th. Durham defendant, was sentenced on march 9th 2004 as an habitual offender to life in prison. Defendant filed a time notice of "the direct appeal. Defendants direct appeal was denied Jan. 12th 2005 case 227, 2004. Defendant then filed A motion for postconviction relief Pursuant to Rule "61" superior court.    Defendant Argued several

grounds of error, and constitutional violations, that (counsel) failed to argue and raise on the direct appeal, which denied defendant A fair trial and effective counsel. see Commissioners report, and Recommendations, Dated November 30th, 2005. Trial counsel only argued one ground on defendants direct appeal. see (A-115#). Defendants Rule 61, Post conviction motion was denied by order of the superior court dated March 14th, 2006, based on being procedurally barred by Super. ct. crim. R. 61.(i)(3) for failure to show spidific cause and preguli ("yet, no hearing was granted",) also it was denied based on Super. ct. crim. R. 61.(i)(2) do to failure to raise the now cited grounds on direct appea which was do to trial counsels ineffectiveness to argue such grounds within the direct Appeal. see Trial counsels opening brief on direct, Durham v. State 867 A 2d, 176 Del. 2005. see also commissioners report, along with trial courts final order, Dated Nov. 30th 2005, & March 14, 2006.

Defendant durham now raises several grounds of error, and prosecutorial misconduct, along with trial court ruling error, also within the now argued error/violations, is the specific prejudice suffered do to trial counsels ineffectiveness.

This is defendants Appeal of the superior courts denial of his Super. ct. crim. R. 61. motion, for postconviction Relief, in which he contends that he was denied a fair trial, along with effective assistance of counsel Under U.S.C.A. 6th & 14th. in which the superior court erred in not granting a hearing pursuant to Super. ct. crim. R 61.(h) to ensure the spidific cause and prejudice, under Strickland, in the event that it wasn't made clear to the commissioner thus, a hearing was necessary, along with the requested post-conviction Relief. A hearing was held before Appeal do to defendants motion for a new trial, and defendant now argues counsels ineffectiveness which caused that motion to be denied, and defendant to suffer prejudice

<u>SUMMARY OF THE ARGUMENT</u>

I.

Prosecutorial misconduct, in allowing a defense witness to be placed within the same holding cell during trial, and (using) the inference/circumstance, to discredit the exculpatory defense witness Quentin henry, along with "trial counsels ineffectiveness" in failure to object to prosecutors discredit, nor bring to light "record" of facts of state awareness before circumstance existed, which would have shown the prejudice do to state neglegence, thus "rule 61" hearing was necessary to ensure the prejudice of the strickland standard. U.S.C.A. 6th

II.

Prosecutorial misconduct, along with ineffective assistance of counsel in failure to object to, and move to exclude, the state presenting perjured testimony by police officer, Detective humphrey, which caused the improper bolstering of the prosecution witness taylors "alleged" identification of the defendant, and inferred to the jury the reliability of an unreliable identification, which denied and prejudiced defendants right to a fair trial and effective counsel, thus "rule 61" hearing should be granted to ensure prejudice of strickland, U.S.C.A 6th. 14th

III.

Trial court abused it's discretion in denied motion for a new trial due to juror 9# inattentiveness, along with defence counsels negligent ineffectiveness in not bringing to light all facts of error, through calling the juror that actually nudged juror 9# to testify, which caused an undeveloped record of facts and proof of prejudice done to defendant, which caused motion to be erroneously denied, and prejudiced right to a fair trial, and effective counsel "61" hearing should have been granted to question

IV.   Other juror, and ensure prejudice of strickland standard U.S.C.A 6th 14th

STATEMENT OF FACTS

Fact is that, trial counsel only argued one "ground/issue" within defendants direct appeal. see. Durham v. State. Appeal no.* 227, 2004, the defendants rule "61" motion was barred in part, because of his counsels failure to raise all grounds in the direct appeal, which were not argued do to trial counsels own ineffectiveness, thus the defendant is not at fault, for not argueing grounds "3" and "6" cited within the commissioners report on his direct appeal. see (A-115*) & Ineffective assistance of counsel is indeed cause for a defult, See. Edward Murray V. Carrier, Cite as, 477 U.S. 478, 106 S.ct. 2639, thus in this case at hand, the superior court erred, and the proceedural bar must be set aside, with reguard to defendants failure to argue any* necessary grounds within his direct appeal.

Fact is that, defendant has shown the specific cause and prejudice, do to counsels ineffective assistance, that was alleged to have not been made clear and specific to the superior court, within his rule "61" motion, which shows reason the superior court erred in not granting the defendant a hearing pursuant to Super.Ct. Crim.R. 61.(h) to ensure the prejudice and satisfaction of the strickland standard. see. (Order. Page 18.*) (see also, Argument "1,2,&3*"), within this brief. Defendant was unjustly tried and convicted of the charges cited within the nature and stage of the proceedings section of this brief. Fact is that, during defendants trial counsels failure to object and allow several trial errors that prejudiced defendants rights to a fair trial. cited within each argument of this brief. Fact is that, during the trial, the state committed misconduct along with defence counsels ineffectiveness and defendant was denied a fair trial, when the defence witness henry's exculpatory testimony was discredited do to, the state, and correctional officers, negligence. see. (A-64*,65*,67*,69*). Fact is that, trial counsel failed to object to use of perjered testimony, by state

CONTINUED STATEMENT OF FACTS.

witness "detective humphrey", which supported the reliability of an unreliable identification of defendant by state witness taylor, see, (A-80-81-84.). Fact is that, during defendants trial one of the jury members fell fast asleep during important testimony, and after defendant was convicted a hearing was held on his motion for a new trial before his direct appeal was filed, see (A-88-90, A-48-52). During the motion for a new trial hearing, trial counsel was ineffective in not calling the jury member that actually woke juror 9# from sleeping, which stripped defendants proof of prejudice, and actual sleep of juror 9#, during trial, and also, Fact is that error is indeed contrary to the purpose of the motion for a new trial. Fact is that, had the other juror of been called to give testimony at the motion hearing, the facts would have shown that juror 9# was indeed sleep, and not being truthful about the matter, and prejudice would have been a clear denial of a fair trial in defendants case, thus had it not been but for counsels specific error, in not calling the other juror, the outcome of the proceedings would have been different. see (A-88-94-112.) Fact is that, the superior court, failed to grant a hearing pursuant to super. ct. crlm. R. 61. (h), so that defendant may show first hand the prejudice, that was based on trial counsels ineffective assistance. Fact is that, counsels error also prejudiced defendant and stopped a meaningful record, of facts of trial error, which will also prejudice and deny defendant (the) clear future appellate review thus, the remand by this court for an evidentiary hearing is indeed required, as an alternative to the remand for a new trial, in the event that the latter is not granted by this court. Additional facts are cited within each ground of argument showing clear prejudice done, and reason defendants motion for post-conviction relief to the superior court, should have been granted.
    See, Arguments. 1# 2# & 3#

(7.#)

ARGUMENT

I.

Prosecutorial Misconduct, which denied the defendant a fair trial, in allowing a defence witness to be placed within the same holding cell during trial, and "useing" the inference/circumstance to discredit the exculpatory defence witness Quentin henry, along with trial "counsels ineffectiveness" in failure to object to states discredit, nor bring to light full record of facts, which show state awareness before circumstance existed, which shows the prejudice do to state negligence, which denied defendant a fair trial, trial court erred in not granting "Rule.61" hearing, to ensure strickland standard. U.S.C.A. 6th 14th.

THE STANDARD AND SCOPE OF REVIEW

The standard and scope of review is plain error, and abuse of discretion de novo, however the supreme court will reverse the trial court ruling, and conviction only if erroneous.

ARGUMENT

Defendant contends, that his post conviction relief should have been granted, also the facts of this argument will show that, and will make more clear the specific alleged prejudice, that was suffered, within this ground/argument, that the commissioners report didn't/failed, to see clearly, see, Page 10[#] of commissioners report.

Defendant Contends that because the "state corrections" officer allowed a defence witness to be "placed within" the "same" holding cell as the defendant "during the trial", which prejudiced the defendant, and allowed, and caused an unwarranted inference to be used by the jury, do to state negligence, that was in

8[#]

favor of the prosecution, used to discredit and rebut the defence witness "henry" which benefited the state's case "specifically", because do to correctional "officers negligence the prosecution used the "circumstance" to "rebut exculpatory" testimony offered by the defendant through his witness Mr. Quenton henry. The correctional officers testimony that was used by the prosecution, "specifically to rebut the defence witness "testimony and credibility", should have been stricken from being "used" by the prosecution, see, (A-64-67 # ). Which clearly denied defendants 6th amendment right to a fair trial and effective counsel, specifically because had it not been for the use of the circumstance & officer porters testimony (A-67-70 # used by the prosecution, and considered by the jury, to rebut the defence case, there is clearly a reasonable probability that the defence witness "Quenton henry," would have been deemed credible and the outcome of the trial would have been different. Thus, the prejudice based on state negligence is clear. see (A-64-67 # -A-47 # ). (along with trial counsels ineffectiveness) Defendant contends also that, If the circumstance do to state negligence didn't benifit the prosecution's case, Yet, was clearly used to provide such benifit to the prosecution's case, Then why did the prosecution "use", and feel the need to use, the circumstance/inference to rebut the defence witness Quenton henrys exculpatory trial testimony ?? Thus the see, (A-63-75 # -67 # ). commissioners report, makes clear that it does not benifit the state, because of the prejudice defendant (would have) suffered through the inference of collaberation and intimidation. Yet the prosecution did indeed use the circumstance to benifit the states case, and discredit the defence witness.

Thus, the commissioners report will serve to help show, and prove the alleged specific prejudice, that defendant suffered, do to state negligence. Specifically the prosecutions use of correctional officer porters testimony at trial to the jury, gave the jury a false inferrence of collaboration and intimidation. see (A-64-70#.#    ). The state correctional officers negligence, and false inferrence given to the jury, allowed evidence to arise used by the prosecution, specifically to discredit the defendants exculpatory witness "Quentin henry", and prejudiced and questions the "reliability and credibility" of Quentin henrys favorable testimony. see (A-63-65#.#    ).

Furthermore, the defence witness was discredited, also specifically, because the jury was lead to believe that his witness "henry" wasn't being truthful about being a cellmate, which prejudiced defendant, because the credibility of his exculpatory witness is being (doubted) through unjust facts, inferred by the prosecution, specifically because it was not made clear to the jury, the difference between (henry) shareing a holding cell briefly at court, vs actually shareing a "cell" as a cell mate, in jail every day. see (A-68-69#.#    ). Which cast doubt on "quentin henrys" testimony and credibility as to him being truthful about shareing a cell with the defendant, thus the prosecutions benefit, and use of the false inferrence before the jury, to rebut the defence case, clearly shows prejudice to the defendant, suffered do to state correctional officers negligence during the trial. which clearly denied defendant a fair trial. U.S.C.A 6th and 14th.

Defendant contends that prejudice is also clear, specifically, because the jury requested to rehear "Quentin henrys" trial testimony specifically "before the verdict", and that request was denied by the trial court, thus the jury was only left to rely on, the prosecutions offered evidence to discredit "Quentin henrys" testimony, and the jury's request shows the critical nature of quentin henrys exculpatory testimony twards the issue of guilt or innocence. Rule 61 hearing would have made clear this fact of prejudice. Thus, to discredit quentin henrys trial testimony clearly would mean the difference between acquittal, and conviction, therefore the defendants alleged prejudice is clear, see, henrys trial testimony, (A-63-65 # #   ).

It is clear based on the facts of this case, and supported by the record, that had it not been but for the prosecutions clear use of the circumstance/evidence to rebut quentin henrys exculpatory testimony, the outcome of the trial would have been different. In good contience, this court must consider, should the defendant suffer, the prejudice of the discredit of his exculpatory witness, do to state negligence ??

Defendant also contends that he suffered prejudice because the commissioners report also states, that the record does'nt support the prosecutions awareness of the "circumstance" well before it developed, Yet the prosecutor went to the holding cell area, and spoke with the very specific correctional officer porter, whom was used to

discredit defendants exculpatory witness, by the prosecution, see, (A-68# ). Defendant also contends that he was clearly denied his 6th amendment right to effective counsel, specifically do to his counsels failure to object, to the error and use of the false inference. It was unreasonable of trial counsel not to question, and develope the record on the fact of the prosecutor, and correctional officers encounter before the circumstance developed see, (A-68# ).

Thus, clearly trial counsel was ineffective, in not questioning states witness correctional ("officer porter") about the encounter between the D.A.G. and officer porter, before the error and circumstance occurred, wich denied other proof of prejudice and effective counsel, U.S.C.A. 6th and is also cause as to why, the transcripts do not support the prosecutions, beforehand awareness, and involvement, see, commissioners report page 10# also transcript of counsels ineffective "cross" of correctional officer porter, see ( ). Thus, a super. ct. crim. R 61(h), hearing should have been granted, by the superior court, which was necessary to develope the record, see Rule 61.(9)(1) & R. 61(h), and also ensure the satisfaction of the strickland standard, please see, commissioners report page 10# This court may need to order the transcripts of the jury question, asking to rehear defendants exculpatory witness quentin henrys trial testimony which will support the critical nature of quentin henrys trial testimony, see, trial transcript volume. ( ? ). Based on the facts of this argument the postconviction relief should have been granted, in the form of a _____ hearing under 61(h) and a new trial. Defendant request that this honorable court grant such relief to him.

ARGUMENT

II.

Prosecutorial misconduct/ineffective assistance of counsel in counsels failure to object to, and move to exclude, the state presenting perjured testimony by police officer, "Detective humphrey", which caused the improper bolstering of the prosecution witness taylors alleged "identification" of the defendant, and inferred to the jury, the reliability of an unreliable identification, which denied, and prejudiced defendants right to a fair trial, and effective counsel, U.S.C.A.6[th] U.S.C.A.14[th] trial court erred in not granting Rule 61. hearing, to ensure prejudice.

THE STANDARD AND SCOPE OF REVIEW

The standard and scope of review is plain error, and abuse of discretion de-novo, however the supreme court will reverse the trial courts ruling, and conviction only if erroneous.

ARGUMENT

Defendant contends that the specific prejudice suffered was do to prosecutors use of detective humphreys trial testimony indicating that state witness taylor identified defendant durham at the scene of the crime, see (A-80, A-84[#]   ), which defendant contends was indeed perjury, specifically because state witness taylor at trial denied that on scene identification of durham, see (A-116[#]    ) along with the facts of the case making that identification testified to to by detective humphrey impossible to have been true, thus, clear perjured testimony was given which prejudiced defendants right to a fair trial, U.S.C.A. 6th, 14th (see, commissioners report page (11[#]), and compare to facts of this argument.). The "specific bolstering" took place through prosecutions use of detective humphreys testimony, which made the alleged on scene identification of "witness taylor" reliable, when in fact his in court identification, was unreliable, see (A-116[#] A-84[#]    ). This error, and state use of perjured testimony to support, before the jury, the false identification of defendant durham, on scene of

13[#]

crime, by witness taylor, "clearly prejudiced" defendant in several different ways, specifically because, there was no true on scene identification of defendant durham, by state witness taylor to police or detective humphrey, see, (A-84 # A-116 # ) Defendant was also prejudiced specifically because, detective humphreys testimony clearly was the factor that made taylors alleged on scene identification reliable (see A-84.)

Defendant contends that, had it of been made clear to the jury, that "fact is", witness "taylor never" indeed made an on scene identification of "defendant durham", coupled with the fact that witness taylors in court identification of durham, defendant, was clearly unreliable, the jury would have had to acquitt defendant, and the outcome would have been different, which also "supports prejudice" do to trial counsels ineffectiveness as well. see, (A-47 # A-50, A-116). And that is also, specifically how the improper bolstering of taylors on scene identification, by detective humphrey violated defendants right to a fair trial and, effective counsel. U.S.C.A. 6th see, page(11.# within the commissioners report.

Detective also, gave testimony, that witness taylor identified, defendant durham, at the hospital. see (A-84 A-116 # ) Thus how is it that (Cpl. Richardson) could tell (det. Humphrey) that witness taylor identified defendant durham at the scene of the crime, if the alleged identification of defendant durham didnt arise untill witness taylor was interviewed at the hospital, by detective humphrey, coupled with the fact that witness taylor at trial denied any such identification of durham, see, (A-116 ). Thus, the testimony of detective humphrey, which was perjured supported and bolstered witness taylors unreliable identificatio of durham, and a new trial is warranted, and Rule 61(h) hearing should have been granted, thus defendant request relief.

(14.th)

was required. see. (A-47, & A-52) . During that hearing the juror in question (Juror "9"), when questioned about "dozing asleep", the juror testified, that indeed could have happend, but the (juror?) next to me, would have nudged me. see (A-73-A-74) . Defendant contends, that other juror, haveing to nudge Juror 9. was basically to reawaken juror 9. out of clear sleep, because Juror 9. couldn't do awake on her own will.

Defendant contends that, the other juror, who actually had to nudge, and awaken juror "9" was "critical evidence", and testimony necessary to determine, if a new trial was warranted, and for the trial court to order a hearing, on counsels motion, and after hearing juror "9"'s testimony, for the court, not to call the other juror, and for trial counsel not to call the other juror that actually nudged and awakened juror "9", from sleep, was "clearly also" prejudicial to the defendants right to a fair trial, and effective counsel, and also contrary to the purpose of counsel filing the motion, and the court even ordering the evidentiary hearing. Please see commissioners report page (4) no other juror witnesses were called see, ( A-112   ). Trial counsel in not calling the other juror was clearly ineffective, and that conduct was clearly unreasonable. and denied defendant the proof of a direct witness to show that juror 9. was indeed asleep during critical trial proceeding. Thus, defendant contends that the superior court erred in not granting a hearing pursuant to Rule 61(h) to ensure the satisfaction of the strickland standard. Had trial counsel of called the other juror whom, actually awakened juror 9. to testify at hearing on motion, there is indeed a "reasonable probability" that juror 9. would have been proven to have been actually sleeping, and also untruthful, thus, the motion would have been granted, and the proceedings would have changed, or if not, the facts would have been clear on record, as proof so that the appeal proceedings would have been different as well. Thus, in this ground/argument a "fair trial" and "effective counsel" was denied, and relief is required. (See, U.S.C.A. 6, 14th)

## CONCLUSION

Defendant contends that, his arguments are not barred for not being argued on direct appeal, specifically because, within trial courts error, and prosecution error, "also" is trial counsels ineffectiveness, which must be argued within the Rule "61" motion, also it is unreasonable, for trial counsel not to argue the now cited grounds to the trial court, or on direct appeal, thus, the default must be set aside for that cause, and any bar must be excused, in the intere of justice, see R. 61. (i)(3)(A)(B), and R. 61(i)(5)* Superior court crim Rules. Relief is required also do to the "cumulative effects" of trial counsels erro: Wherefore, Defendant request this honorable court to grant him all required relief, in the form of the reversal, and remand for a new trial, or for the remand for a hearing Pursuant to Super. Ct. crim. R. 61. (h), to ensure strickland standard, and record for any future appeals.

Respectfully Submitted,

x _Michael Durham_

"DATED"        2007

Michael Durham
SBi "no 00161286
Delaware Correctional Center
1181 Paddock Road
Smyrna Delaware. 19977

17.*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | IK02-09-0233-R1 to |
| | ) | IK02-09-0235-R1 |
| v. | ) | |
| | ) | IK02-09-0237-R1 to |
| MICHAEL DURHAM | ) | IK02-09-0239-R1 |
| | ) | |
| Defendant | ) | IK02-09-0243-R1 |
| | ) | |
| ID. No. 0208019524A | ) | IK02-09-0245-R1 |
| | ) | |
| | ) | IK02-11-0100-R1 to |
| | ) | IK02-11-0103-R1 |
| | ) | |
| | ) | IK02-11-0106-R1 to |
| | ) | IK02-11-0107-R1 |
| | ) | |
| | ) | IK02-11-0118-R1 |

ORDER

On this 14th day of March, 2006, upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

(1)    The defendant, Michael Durham ("Durham"), was found guilty by a jury on four counts of Possession of a Firearm During the Commission of a Felony, 11 *Del. C.* § 1447A; one count of Burglary in the First Degree, 11 *Del. C.* § 826; and one count each of Attempted Robbery in the First Degree, 11 *Del. C.* § 531; Reckless Endangering in the First Degree, 11 *Del. C.* § 604; Conspiracy in the Second Degree, *Del. C.* § 512; Terroristic Threatening, 11*Del. C.* § 621; Assault

in the Third Degree, 11 *Del. C.* § 613; Endangering the Welfare of a Child, 11 *Del. C.* § 1102; Criminal Mischief, 11*Del. C.* § 811; and Aggravated Menacing, 11 *Del. C.* § 602. Durham had also been facing another count of Assault Third Degree that was *nolle prossed* by the State. One count of Possession of a Deadly Weapon by a Person Prohibited was severed. Durham was declared an habitual offender on March 9, 2004 and was sentenced to life imprisonment pursuant to 11 *Del. C.* §4214(b). A timely appeal was filed on May 28, 2004 and the Delaware Supreme Court affirmed Durham's conviction and sentence.

(2)    The defendant then filed this motion for postconviction relief based on ineffective assistance of counsel, prosecutorial and judicial misconduct. The matter was referred to the Court Commissioner for findings of fact and recommendation pursuant to 10 *Del. C.* § 512 (b) and Superior Court Civil Rule 132. The Commissioner has filed a Report and Recommendation recommending that the Court deny defendant's motion for postconviction relief. Defendant filed his Appeal from the Commissioners findings on January 13, 2006.

**NOW, THEREFORE**, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated November 30, 2005.

**IT IS ORDERED** that the thoughtful and well-reasoned Commissioner's Report and Recommendation is adopted by the Court and defendant's Motion for Postconviction Relief is ***denied*** as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice and Rule 61(i)(2) for failure to have raised grounds

2

three and six relating to prosecutorial misconduct on direct appeal.

_____
Judge

RBY/sal
oc:    Prothonotary
xc:    Hon. Andrea M. Freud
       James J. Kriner, Esquire
       Sandra W. Dean, Esquire
       Mr. Michael Durham
       Order Distribution (w/Report & Recommendation)
       File

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | IK02-09-0233-R1 to |
| | ) | IK02-09-0235-R1 |
| v. | ) | |
| | ) | IK02-09-0237-R1 to |
| MICHAEL DURHAM | ) | IK02-09-0239-R1 |
| | ) | |
| Defendant | ) | IK02-09-0243-R1 |
| | ) | |
| ID. No. 0208019524A | ) | IK02-09-0245-R1 |
| | ) | |
| | ) | IK02-11-0100-R1 to |
| | ) | IK02-11-0103-R1 |
| | ) | |
| | ) | IK02-11-0106-R1 to |
| | ) | IK02-11-0107-R1 |
| | ) | |
| | ) | IK02-11-0118-R1 |

James Kriner, Esq., Deputy Attorney General, Wilmington, Delaware for the State of Delaware.

Michael Durham, *Pro se.*

## COMMISSIONER'S REPORT AND RECOMMENDATIONS

### Upon Defendant's Motion For Postconviction Relief Pursuant to Superior Court Criminal Rule 61

FREUD, Commissioner
November 30, 2005

*State v. Durham*
ID 0208019524A
November 30, 2005

On December 4, 2003, the Defendant, Michael Durham, ("Durham"), was found guilty by a jury on four counts of Possession of a Firearm During the Commission of a Felony, 11 *Del. C.* § 1447A; one count of Burglary in the First Degree, 11 *Del. C.* § 826; and one count each of Attempted Robbery in the First Degree, 11 *Del. C.* § 531;  Reckless Endangering in the First Degree, 11 *Del. C.* § 604;  Conspiracy in the Second Degree, *Del. C.* § 512;  Terroristic Threatening, 11 *Del. C.* § 621;  Assault in the Third Degree, 11 *Del. C.* § 613;  Endangering the Welfare of a Child, 11 *Del. C.* § 1102;  Criminal Mischief, 11 *Del. C.* § 811; and Aggravated Menacing, 11 *Del. C.* § 602.  Durham had also been facing another count of Assault Third Degree that was *nolle prossed* by the State.[1]  One count of Possession of a Deadly Weapon by a Person Prohibited was severed. A presentence investigation report was ordered.

On December 9, 2003, the State filed a motion to have  Durham  declared a Habitual Offender due to his past felony convictions.  On December 11, 2003, Defense counsel filed a Motion for a New Trial alleging that Juror Number Nine was inattentive, dozing or sleeping during the trial. An evidentiary hearing was scheduled on the Motion for New Trial.  The hearing was held on January 9, 2004.  Following

---

[1]  Durham was originally tried on these charges April 7 - 10, 2003.  The trial resulted in conviction on Offensive Touching and Criminal Trespass Second and not guilty on two counts of Endangering the Welfare of a Child. A Motion for Judgment of Acquittal was granted as to Kidnapping First Degree and Possession of a Firearm During the Commission of a Felony and denied as to eleven other counts.  The jury could not agree on the remaining counts.

2

*State v. Durham*
ID 0208019524A
November 30, 2005

the hearing and briefing the Court denied the motion on March 8, 2004.[2]

On March 9, 2004, following a hearing, the Court granted the State's motion to declare Durham a Habitual Offender and proceeded to sentence Durham to life imprisonment pursuant to 11 *Del. C.* § 4214(b) on the Attempted Robbery in the First Degree.    On the remaining counts, Durham was given a total of 103 years incarceration, suspended after 100 years all of which was in addition to the Life sentence on the Attempted Robbery charge.  On April 28, 2004, Defense Counsel filed a Motion for Resentencing in order to reset the time available to file an appeal with the Delaware Supreme Court.  The Court granted Durham's request and he was resentenced on May 25, 2004.[3]  A Notice of Appeal was then filed on May 28, 2004. The Delaware Supreme Court affirmed Durham's conviction and sentence.[4]

Next, Durham filed the pending Motion for Postconviction Relief in which he alleges several grounds for relief including ineffective assistance of counsel.

## FACTS

The following is a summary of the facts as noted by the Supreme Court in its opinion:

> In August 2002, Durham and two others entered Michael Taylor's Dover home seeking money.  The three physically accosted and chased Taylor throughout the house.  One, carrying a handgun, fired at Taylor.  Another punched him in the face.  By the time police

---

[2] *State v. Durham*, 2004 Del. Super. LEXIS 58.

[3] The sentence was identical to the prior sentence.

[4] *Durham v. State*, 867 A.2d 176 (Del. 2005).

3

*State v. Durham*
ID 0208019524A
November 30, 2005

arrived, all three had fled. Suffering from various injuries, Taylor
identified his assailants as Durham, Quentin Henry, and one he knew
only as 'Peebo.' Durham was later tried before a jury in Superior
Court and convicted of first-degree burglary, first-degree attempted
robbery, and a variety of firearms and other charges.

Following the initial afternoon of jury deliberations, Durham orally
moved for a mistrial, contending for the first time that Juror Number
Nine slept during parts of the trial. The trial judge reserved decision
on the motion, the trial continued, and the jury ultimately returned its
verdict. Durham then moved for a new trial. The trial judge
conducted an evidentiary hearing in January 2004, taking testimony
from a corrections officer, bailiff, and two members of the gallery
present at trial. Juror Nine also testified. *false only one juror gave testimony*

In his March 2004 order, the trial judge recounted the evidence. He
noted that although the two observers stated that Juror Nine closed
her eyes and put her head down at various times, neither thought she
was actually asleep. The bailiff, present for the entire trial, testified
that he 'never saw her sleeping.' Juror Nine also insisted she was
attentive throughout the trial. Based on this evidence, the trial judge
found that even if Juror Nine was 'fighting sleep,' this fact alone
neither proved that she slept or was otherwise inattentive during the
proceedings. He therefore found that Juror Nine's conduct did not
prejudice Durham and denied the motion for a new trial.[5]

## DURHAM'S CONTENTIONS

Durham filed the instant Motion for Postconviction Relief pursuant to

Superior Court Rule 61. In his motion, he raises several grounds for relief and

---

[5] *Id.* at 178 (internal citations omitted).

incorporates by reference his lengthy Memorandum of Law. I have summarized the grounds for relief for ease of addressing Durham's claims:

Ground One:  Vindictive Prosecution.
- Violation of right to fair trial by alleging Accomplice Liability;
- Allowing a defense witness to be placed in the same holding cell during trial; and
- Presenting perjured testimony.

Ground Two:  Judicial Misconduct.
- Improper jury instruction on Accomplice Liability;
- "Improper bolstering of state's witnesses through testimony at trial;"
- Denied New Trial due to juror inattentiveness; and
- Trial Judge failed to give a specific unanimity instruction.

Ground Three:  Ineffective Trial Counsel.
- "Counselor may have found other possible witnesses..."
- Failed to conduct investigation with respect to blood, fingerprints and photographic lineup; and
- Failed to object to admission of handgun and shell casing.

Ground Four:  Double Jeopardy.

## PROCEDURAL CONSIDERATIONS

Under Delaware Law the Court must first determine whether Durham has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[6] Under Rule 61, postconviction claims for relief must be brought within three years of the conviction becoming

---

[6]     *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (*citing Harris v. Reed,* 489 U.S. 255 (1989)); *See Dawson v. State,* 673 A.2d 1186, 1190 (Del. 1996).

*State v. Durham*
ID 0208019524A
November 30, 2005

final.[7]  Durham's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion.  As this is Durham's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural fault and (2) prejudice from a violation of the movant's rights.[8] The bars to relief are inapplicable to a jurisdictional challenge or to a colorable claim that there was a miscarriage of justice stemming from a constitutional violation that "undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[9]

Each of Durham's claims are to some extent premised on allegations of ineffective assistance of counsel.  These types of claims are not normally subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal.  For this reason, many defendants, including Durham, allege ineffective assistance of counsel in order to overcome the procedural default.

However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are

---

[7]    Super. Ct. Crim. R. 61(i)(1).

[8]    Super. Ct. Crim. R. 61(i)(3).

[9]    Super. Ct. Crim. R. 61(i)(5).

*State v. Durham*
ID 0208019524A
November 30, 2005

distinct, albeit similar, standards.[10]  The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of
> counsel, the Sixth Amendment itself requires that responsibility for the
> default be imputed to the State, which may not "[conduct] trials at which
> persons who face incarceration must defend themselves without
> adequate legal assistance"[;] [i]neffective assistance of counsel, then, is
> cause for a procedural default.[11]

A movant who interprets the final sentence of the quoted passage to mean that he can
simply assert ineffectiveness and thereby meet the cause requirement will miss the
mark.  Rather, to succeed on a claim of ineffective assistance of counsel, a movant
must engage in the two part analysis enunciated in *Strickland v. Washington*[12] and
adopted by the Delaware Supreme Court in *Albury v. State*.[13]

The *Strickland* test requires the movant show that counsel's errors were so
grievous that his performance fell below an objective standard of reasonableness.[14]
Second, under *Strickland* the movant must show there is a reasonable degree of
probability that but for counsel's unprofessional error the outcome of the proceedings

---

[10]     *State v. Gattis*, 1995 Del. Super. LEXIS 399, at *11.

[11]     *Murray v. Carrier*, 477 U.S. 478, 488 (1986) quoting *Cuyler v. Sullivan*, 446 U.S.
335, 344 (1980).

[12]     466 U.S. 668 (1984).

[13]     551 A.2d 53, 58 (Del. 1988).

[14]     *Strickland*, 466 U.S. at 687-88; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del.
1996).

7

*State v. Durham*
ID 0208019524A
November 30, 2005

would have been different, that is, actual prejudice.[15]  In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[16]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[17]  However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[18]  In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[19]  Furthermore, the defendant must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional

---

[15]  *Strickland,* 466 U.S. at 694; *see Dawson,* 673 A.2d at 1190; *accord Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Ayers v. State,* 802 A.2d 278, 281 (Del. 2002); *Steckel v. State,* 795 A.2d 651, 652 (Del. 2002); *Johnson v. State,* 813 A.2d 161, 167 (Del. 2001); *Bialach v. State,* 773 A.2d 383, 387 (Del. 2001); *Outten v. State,* 720 A.2d 547, 552 (Del. 1998); *Skinner v. State,* 607 A.2d 1170, 1172 (Del. 1992); *Flamer v. State,* 585 A.2d 736, 753-54 (Del. 1990).

[16]  See also *Outten v. State,* 720 A.2d 547, 552 (Del. 1998); *Righter v. State,* 704 A.2d 262, 263 (Del.1997); *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Skinner v. State,* 1994 Del. LEXIS 84; *Brawley v. State,* 1992 Del. LEXIS 417; *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *Robinson v. State,* 562 A.2d 1184, 1185 (Del. 1989); *Wells v. Petsock,* 941 F.2d 253, 259-60 (3d Cir. 1991).

[17]    466 U.S. at 687.

[18]    *Id.* at 697.

[19]    *State v. Gattis,* 1995 Del. Super. LEXIS 399, at *13.

*State v. Durham*
ID 0208019524A
November 30, 2005

assistance,"[20] and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[21]

In the case at bar, Durham attempts to show cause for his procedural default by making merely conclusory assertions of ineffectiveness of counsel. In regard to prejudice, Durham simply claims that the failure of counsel to raise certain issues was prejudicial. Under the circumstances of the case, Durham's allegations are meritless. The Supreme Court found no error in the trial. The record indicates that Durham's trial attorney did in fact adequately prepare for the trial and called all appropriate witnesses at trial.[22] Durham has utterly failed to demonstrate prejudice as a result of his counsel's alleged failure. This failure is fatal to Durham's motion. His motion is therefore procedurally barred.[23] Notwithstanding the procedural bar, I will now address the merits of each of Durham's grounds for relief.

<u>Ground One: Vindictive Prosecution</u>

Durham alleges that the prosecutor violated his right to a fair trial by advancing a theory of accomplice liability, allowing a defense witness to be placed in the same holding cell during the trial, and presenting perjured testimony. The record is clear

---

[20] *Strickland,* 466 U.S. at 689.

[21] *Id.;* see also *Dawson,* 673 A.2d at 1190; *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).

[22] See Affidavit of Counsel for a complete overview of counsel's preparation for trial.

[23] *See Wright,* 671 A.2d at 1356; *Wright v. State,* 1992 Del LEXIS 62; *Brawley v. State,* 1992 Del. LEXIS 417.

*State v. Durham*
ID 0208019524A
November 30, 2005

that there was no vindictive prosecution. Vindictive prosecution arises in situations where a defendant on retrial, following a successful appeal, was subjected to a harsher sentence by the court, or is charged with more serious charges.[24]

Concerning Durham's allegation that his rights were violated when the prosecutor advanced a theory of accomplice liability the law clearly contradicts Durham's assertions. A person may be held liable for the conduct of another when he "[a]ids, counsels or agrees or attempts to aid the other person in planning or committing it."[25] The evidence in this case supported a theory of accomplice liability.[26] This assertion is simply without merit.

Durham also alleges that his rights were violated when the Department of Correction placed his codefendant, Quentin Henry, in the same holding cell during trial. He implies that the prosecutor had something to do with that placement. This allegation is not supported by any evidence in the record. Moreover, there is no logical reason a prosecutor would knowingly allow a defense witness to share a cell with a defendant during trial. That situation allows for collaboration and intimidation, which does not benefit the state. Therefore, this claim is without merit.

Durham's last allegation regarding the alleged prosecutorial misconduct is that his rights were violated by permitting Detective Humphrey to give perjured

[24] *State v. Wharton*, 1991 WL 138417, at *10 (Del. Super. June 3, 1991).

[25] 11 *Del. C.* § 271.

[26] Not only did the victim repeatedly name Durham and his codefendants as the perpetrators, the gun used in the offense was seized from the location where Durham was arrested.

*State v. Durham*
ID 0208019524A
November 30, 2005

testimony. It is not clear what testimony is allegedly perjured or how the prosecutor knowingly permitted perjured testimony. There is no evidence that the witness gave perjured testimony and there in no evidence the prosecutor permitted any witness to give perjured testimony. Therefore, this claim is without merit.

## Ground Two: Judicial Misconduct

Durham argues that he is entitled to postconviction relief because the trial judge engaged in misconduct and committed error. He alleges that the trial judge violated his rights by instructing the jury on accomplice liability. As noted above, an accomplice liability instruction was justified based on the facts of the case. The record evidence supported the instruction. A trial court should instruct a jury on accomplice liability provided the instruction is supported by the evidence and correctly states the law.[27] The trial judge appropriately instructed the jury on accomplice liability. Therefore, this claim is without merit.

Durham alleges that the trial judge "allowed improper bolstering of state's witnesses through testimony at trial." It is unclear what specific "improper bolstering" took place and how it violated his constitutional rights. Durham has failed to set forth a cognizable legal claim.

Durham also argues that he is entitled to postconviction relief because the trial judge erroneously denied him a new trial due to juror inattentiveness. This claim is procedurally barred because it was previously raised in Durham's Motion for New Trial and on appeal. Any ground for relief that was formerly adjudicated in an appeal

---

[27] *Zimmerman v. State*, 565 A.2d 887, 890 (Del 1989).

11

*State v. Durham*
ID 0208019524A
November 30, 2005

or postconviction proceeding is thereafter barred.[28]  The trial judge reviewed this claim in a motion for new trial and denied it.[29]  Durham appealed the conviction to the Delaware Supreme Court.[30]  The Supreme Court affirmed the decision and commended the trial judge for his action.[31]  Durham has simply restated arguments he previously raised on direct appeal.  Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[32]  Durham raised these claims before and the Supreme Court found them meritless.  He has made no attempt to argue why reconsideration of this claim is warranted in the interest of justice.  The interest of justice exception of Rule 61(i)(4) has been narrowly defined to require that the movant show that the "subsequent legal developments have  revealed that the trial court lacked the authority to convict or punish" him.[33]  Durham has made no attempt to demonstrate why his claims should be revisited.  This Court is not required to consider Durham's claims simply because

---

[28]  Superior Court Crim. R. 61(i)(4).

[29]  *State v. Durham*, 2004 Del. Super. LEXIS 59 (Mar. 8, 2004)

[30]  *Durham v. State*,  867 A.2d 176 (Del. 2005).

[31]  *Id.* at 181.

[32]  Superior Court Crim. R. 61(I)(4).

[33]  *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996) (quoting *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990)).

*State v. Durham*
ID 0208019524A
November 30, 2005

they are "refined or restated."[34]  For this reason, this ground for relief should be dismissed as previously adjudicated under Rule 61(i)(4).

Durham's last assertion concerning judicial misconduct is that the trial judge erred in failing to give a specific unanimity instruction in this case.  It is not clear why Durham believes he was entitled to such an instruction.   A specific unanimity instruction is not required in every case where a defendant may be convicted as a principal or accomplice.[35]  The instruction is only required if one count encompasses two separate incidents either of which could support a defendant's conviction for a particular charge.[36]  In Durham's case, the evidence showed that there was a single incident that formed the basis of the charges.[37]  Therefore, a specific unanimity instruction was not warranted.

<u>Third Ground:  Ineffective Trial Counsel</u>

Durham argues that he is entitled to postconviction relief because trial counsel was ineffective.  He alleges that trial counsel failed to adequately conduct a pretrial investigation and failed to object to the admission of the handgun into evidence.  As stated above, Durham has not satisfied either prong of *Strickland*.

Durham's alleges that "counselor may have found other possible witnesses

---

[34]  *Riley v. State*, 585 A.2d 719, 721 (Del. 1990).

[35]  *Ayers v. State*, 844 A.2d 304, 309 (Del. 2004); *Liu v. State*, 628 A.2d 1376, 1386 (Del. 1993); *Probst v. State*, 547 A.2d 114, 122 (Del. 1988).

[36]  *Ayers*, 844 A.2d at 309.

[37]  *Cf. Probst v. State*, 547 A.2d 114 (Del. 1988).

*State v. Durham*
ID 0208019524A
November 30, 2005

whom may perhaps give different accounts ..." Crucially, Durham does not state who the witnesses were or how they would have changed the outcome in the case. Conclusory allegations of unprofessional conduct are insufficient to support a motion for postconviction relief.[38] Moreover, in her affidavit, trial counsel provided a list of witnesses she spoke to and the results of the interviews.

Durham also asserts that trial counsel failed to conduct an investigation with respect to blood, fingerprints and a photographic lineup. Durham, however, does not indicate how this was deficient, or how a proper investigation would have resulted in his acquittal. The Dover Police did not collect blood evidence from the victim's house. The police did not recover any latent fingerprints. The police did not create a photo lineup with Durham because the victim knew him and identified him by name. Trial counsel responds that if defense counsel attempted to obtain fingerprints "there is likelihood that they would have incriminated Mr. Durham or they would have been irrelevant if they belonged to an accomplice." Durham presents no evidence that fingerprint or blood evidence recovered from the crime scene would have exculpated him since he committed the crime with two other men, one of whom was unknown to the police.

Durham's last allegation of ineffective assistance of counsel is that trial counsel failed to object to the admission of a handgun and a shell casing. The handgun was recovered from the apartment where Durham was arrested shortly after the home invasion. A ballistics expert matched the gun to evidence recovered from the scene

---

[38] *Younger v. State*, 580 A.2d 552, 555 (Del. 1990).

14

*State v. Durham*
ID 0208019524A
November 30, 2005

of the home invasion. There was no legitimate basis to object to the admission of the gun. There was also no legitimate basis to object to the admission of the shell casing recovered from the crime scene. Sgt. Littlefield located the shell casing on the floor of the residence when he arrived. He testified he picked it up and placed it on a table so that it would not be lost. Durham presents no evidence that the casing was tampered with or that its evidentiary value was compromised. Durham's failure to show prejudice is fatal to his claim.

Durham clearly fails to satisfy his burden under *Strickland*. His allegations of unprofessional conduct are not grounded in fact or law. It is evident that trial counsel conducted a thorough pretrial investigation. Even Durham is unable to suggest what counsel could have done differently in her representation of him. It is also clear that there was no legal basis to object to the admission of the handgun or shell casing. Durham fails to state what legal basis counsel should have been used to object to the evidence; this is because no basis existed. The gun and the casing were properly seized and highly probative of Durham's guilt.

### Fourth Ground: Double Jeopardy

Durham claims he is entitled to postconviction relief because he was convicted in violation of the Double Jeopardy clause. This claim is meritless in addition to being procedurally barred. Durham was indicted on four separate counts of Possession of a Firearm During the Commission of a Felony related to Robbery First, Burglary First, Reckless Endangering First and Kidnapping First. During the first

15

*State v. Durham*
ID 0208019524A
November 30, 2005

trial,[39] the defense successfully argued a Motion for Judgment of Acquittal on Kidnapping First. Accordingly, the Court dismissed the related Possession of a Firearm During the Commission of a Felony charge. However, the Court did not disturb the three remaining Possession of a Firearm During the Commission of a Felony charges. These charges were separate and distinct from the charge that was dismissed. Durham's claim that he was convicted of a crime for which he was previously acquitted is factually inaccurate and as such this claim is clearly meritless.

## CONCLUSION

After reviewing the record in this case, it is clear that Durham has failed to avoid the procedural bars of Rule 61(i). Consequently, I recommend that Durham's postconviction motion be *denied* as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice and Rule 61(i)(4) as previously adjudicated.

Commissioner Andrea M. Freud

oc:    Prothonotary
cc:    Honorable Robert B. Young
       Sandra W. Dean, Esq.

---

[39] April 2003.

16

*State v. Durham*
ID 0208019524A
November 30, 2005

File