**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **MICHAEL DURHAM**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 07-370-*** |
| | : | |
| **ELIZABETH BURRIS**, Acting Warden, | : | |
| and **JOSEPH R. BIDEN, III**, Attorney | : | |
| General of the State of Delaware, | : | |
| | : | |
| Respondents.[1] | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In December 2003, the petitioner, Michael Durham, was convicted by a Delaware Superior Court jury of first degree burglary, attempted first degree robbery, first degree reckless endangering, second degree conspiracy, four counts of possession of a firearm during the commission of a felony, terroristic threatening, third degree assault (the lesser included offense of second degree assault), endangering the welfare of a child, criminal mischief, and aggravated menacing.[2]  *See* Del. Super. Ct. Crim. Dkt. in ID 0208019524A at Item 45 (hereinafter "Crim. Dkt. at __"); *State v. Durham*, 2004 WL 440219, *1 (Del. Super. Ct.).  Durham immediately moved for a new trial, contending that a juror had slept during parts of the trial.  *See* D.I. 3 at 51-

---

[1] *See* Fed.R.Civ.P. 25(d)(1).  Elizabeth Burris became Acting Warden of Delaware Correctional Center effective September 1, 2007, replacing former Warden Thomas Carroll, an original party to this case.

[2] In April 2003, a jury found Durham guilty of offensive touching and second degree criminal trespass. Superior Court granted Durham's motion for judgment of acquittal as to the charges of first degree kidnapping, a related weapon offense, and two counts of endangering the welfare of a child.  *See* Crim. Dkt. at Item 27.  The jury was hung as to the remaining charges, and a second trial was scheduled for December 2003.

52. Following a January 2004 evidentiary hearing and subsequent briefing by the parties, Superior Court denied the motion in March 2004. Crim. Dkt. at Items 48, 51, 52, 54, 55; *Durham*, 2004 WL 440219. On March 9, 2004, following a hearing, the court granted the State's motion to declare Durham an habitual offender and proceeded to sentence Durham to life in prison on the attempted first degree robbery conviction pursuant to 11 *Del. C.* § 4214(b). Durham was sentenced to 103 years of imprisonment on the remaining convictions, suspended after 100 years for probation. *See State v. Durham*, ID No. 0208019524A, Comm'r's Report & Recommendations at 3 (Del. Super. Ct. Nov. 30, 2005) (D.I. 2 at 24). Durham was re-sentenced on May 25, 2004 to the same sentence in order to reset the time for appeal. *See id*. On appeal, Durham raised the single claim that Superior Court had erred by denying his motion for a new trial. The Delaware Supreme Court, finding no abuse of discretion by the trial judge, affirmed Durham's convictions and sentence on January 12, 2005. *Durham v. State*, 867 A.2d 176 (Del. 2005).

In May 2005, Durham moved for postconviction relief under Criminal Rule 61, raising four grounds for relief, most with several subparts: (1) vindictive prosecution (3 specifications); (2) judicial misconduct (4 specifications); (3) ineffective assistance of trial counsel (3 specifications); and (4) double jeopardy. *See* D.I. 2 at 26. After considering Durham's motion, the State's response, Durham's trial counsel's affidavit, and Durham's responses to the various submissions, a Superior Court Commissioner recommended that Superior Court deny Durham's postconviction motion as procedurally barred. *See* D.I. 2 at 37. Durham filed objections to the Commissioner's report *See* D.I. 1 at 65-70; D.I. 1-2 at 1-19. Superior Court, having reviewed the Commissioner's report *de novo*, ultimately adopted the report and denied Durham's postconviction claims as procedurally barred. *See* D.I. 2 at 18-20. On appeal from the denial of

his postconviction motion, the Delaware Supreme Court affirmed the decision on the same basis. *Durham v. State*, 2006 WL 2795079 (Del. Sept. 28, 2006). Durham's federal habeas petition is undated, but was docketed on June 11, 2007. *See* D.I. 1 at 1, 15, 33.

**Facts**

As described by the Delaware Supreme Court in *Durham*, 867 A.2d at 178, the relevant facts leading to Durham's arrest and conviction were as follows:

> In August 2002, Durham and two others entered Michael Taylor's Dover home seeking money. The three physically accosted and chased Taylor throughout the house. One, carrying a handgun, fired at Taylor. Another punched him in the face. By the time the police arrived, all three had fled. Suffering from various injuries, Taylor identified his assailants as Durham, Quentin Henry, and one he knew only as "Peebo."

**Discussion**

In his petition for federal habeas relief, Durham raises five grounds for relief: (1) vindictive prosecution and prosecutorial misconduct because (a) it was unreasonable to charge Durham based on accomplice liability, (b) the State let perjured testimony go uncorrected, and (c) Durham should not have been placed in the same holding cell as Quentin Henry; (2) judicial misconduct and error because (a) the trial court gave an improper jury instruction on accomplice liability, (b) the judge allowed a prosecution witness to "vouch" for the victim, (c) the judge failed to give the jury a unanimity instruction, and (d) the judge failed to question a juror regarding her inattentiveness; (3) ineffective assistance of trial counsel because (a) she failed to obtain evidence of fingerprints, blood samples, and a line up, (b) she did not object to testimony about a handgun and shell casing, (c) she failed to find other possible defense witnesses, and (d) failed to raise a double jeopardy claim; (4) double jeopardy because Durham was acquitted of possession of a firearm during the commission of a felony regarding the kidnapping charge at the first trial, and he was subsequently found guilty of possession of a firearm during the

commission of a felony at the second trial; and (5) unlawful confinement because there was no probable cause to arrest Durham. D.I. 1 at 5-10, 20-31. Durham's claims, however, do not provide a basis for relief.

**1. Vindictive prosecution**

Under his claim entitled "vindictive prosecution," Durham complains that: state prosecutors unreasonably charged him based on accomplice liability; the prosecutors let the perjured testimony of Detective Humphrey and the victim, Michael Taylor, go uncorrected; and prosecutors allowed Durham to be placed in the same holding cell at the courthouse as his accomplice, Quentin Henry. D.I. 1 at 5, 21-22. However, a state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *see also Picard*, 404 U.S. at 275; *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *See Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1993). On appeal from the denial of his postconviction motion, Durham presented his claims that prosecutors let perjured testimony go uncorrected and that Durham was improperly placed in the same holding cell as Henry to the state supreme court. *See Durham*, 2006 WL 2795079, *1 n.9. Thus, those claims have been

exhausted. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).

Durham's remaining claim of prosecutorial misconduct (that he should not have been charged under an accomplice liability theory), although presented to Superior Court in Durham's Rule 61 postconviction motion, was not presented to the state supreme court either on direct appeal from his convictions or on appeal from the denial of the postconviction motion. *See generally Durham*, 867 A.2d 176; *Durham*, 2006 WL 2795079. Thus, Durham's claim that he was improperly charged as an accomplice is unexhausted. Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy,* 455 U.S. 509 (1982), or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, then Durham is excused from the exhaustion requirement as to his accomplice liability claim. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52; *Lines*, 208 F.3d at 160. If Durham now tried to raise his accomplice liability claim in state court in a second postconviction motion, the claim would be barred under Superior Court Criminal Rule 61(i)(4) as formerly adjudicated, and under Rule 61(i)(3) because Durham failed to present the claim at trial or on direct appeal following his conviction and sentencing or on appeal from the denial of his postconviction motion. *See, e.g., McLaughlin*, 270 F. Supp. 2d 490 at 511-13. Thus, because there is no available state remedy, Durham is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Lines*, 208 F.3d at 160; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997). Although deemed exhausted, the

claim is still considered to be procedurally barred. *Lines*, 208 F.3d at 160. *See* discussion *infra* at 6-8.

As to Durham's two exhausted claims of prosecutorial vindictiveness, those claims, although exhausted, are also procedurally barred. After finding that a petitioner has exhausted state remedies, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). Although Durham presented his prosecutorial vindictiveness claims to the state supreme court on appeal from the denial of his postconviction motion, Durham did not comply with state procedural requirements as to these claims. Durham presented his vindictiveness claims in his postconviction motion without having presented the issues on direct appeal. *See Durham*, 2006 WL 2795079 at *1. Under Superior Court Criminal Rule 61(i)(3), any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the petitioner shows cause for the procedural default and actual prejudice or a miscarriage of justice due to a constitutional violation. *See* DEL. SUPER. CT. CRIM. R. 61(i)(3), (5). The Delaware Supreme Court held that because Durham had failed to raise these claims on direct appeal, the claims were procedurally barred. *Durham*, 2006 WL 2795079 at *1-2 (adopting the reasoning of the court below). Durham, having failed to comply with Criminal Rule 61(i)(3), failed to comply with the relevant state procedural requirements. *See Lawrie*, 9 F. Supp.2d at 451; *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1087-88 (D. Del. 1993) (finding that Criminal Rule 61(i)(3) is an adequate state ground to preclude federal habeas review), *aff'd*, 68 F.3d 710 (3d Cir. 1995) (*en banc*).

Federal habeas review of Durham's prosecutorial vindictiveness and misconduct claims is barred unless Durham establishes cause for his procedural default in the state courts and actual

prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson*, 988 F. Supp. at 804-05; *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner "must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)); *Dawson*, 988 F. Supp. at 804-05.

Durham alleges ineffective assistance of counsel at trial and on appeal as cause for his procedural default in state court. *See* D.I. 1 at 20. To the extent he successfully presented his claims of ineffective assistance of counsel to the state supreme court,[3] the Delaware Supreme Court found that "Durham has not demonstrated that any claimed error on the part of his counsel resulted in prejudice to him." *Durham*, 2006 WL 2795079 at *1. Moreover, Durham cannot establish a viable claim of vindictive prosecution. *See United States v. Schoolcraft*, 879 F.2d 64, 67 (3d Cir. 1989) (holding that prosecutorial vindictiveness may occur when the government penalizes a defendant for invoking legally protected rights). Durham failed to show that he exercised any right that would have triggered a reaction by the prosecutor. *See United States v. Goodwin*, 457 U.S. 368, 380 n.11 (1982) ("A charging decision does not levy an improper 'penalty' unless it results solely from the defendant's exercise of a protected legal right, rather

---

[3] *See Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000) (an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted); *Carrier*, 477 U.S. at 488-89 (an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in a state court must itself be independently exhausted).

than the prosecutor's normal assessment of the societal interest in prosecution"); *see also United States v. Hooton*, 662 F.2d 628, 634 (9th Cir. 1981) (no prosecutorial vindictiveness where defendant could not show any animus on the part of the members of the Attorney General's office who made the charging decision). Further, Durham's allegations of perjured testimony remain entirely unsupported. There is nothing in the record to indicate that Detective Humphrey or Taylor gave false testimony, much less that the prosecutor knew that their testimony was false. The fact that Henry's testimony was inconsistent with that of the other witnesses does not support Durham's allegation. *See, e.g., Anderson v. United States*, 403 F.2d 451, 452 (7th Cir. 1968) ("Those experienced in the trial of cases realize that it is a common occurrence to have some conflicts in the testimony of witnesses, and that any conflict in itself is not a signpost of perjury." (citation and internal quotations omitted)). Durham's assertion that the prosecutor purposely placed Henry in the same holding cell with Durham so that Henry's testimony could be impeached with the suggestion that he had consulted with Durham regarding his testimony is also unsupported by the record. In fact, as the Superior Court pointed out, "[T]here is no logical reason a prosecutor would knowingly allow a defense witness to share a cell with a defendant during trial." D.I. 1-2 at 53. Although Durham asserts that his counsel should have raised these issues, he does not articulate any prejudice from counsel's failure to do so. *See Durham*, 2006 WL 2795079 at *1. Clearly, because the issues Durham wanted his counsel to raise were without merit and unsupported by the record, Durham cannot establish cause or prejudice to overcome his procedural default in state court, and his claims of prosecutorial vindictiveness and misconduct must be dismissed.

**2. Judicial misconduct**

In his second claim, Durham alleges various acts of judicial misconduct as grounds for relief: the trial court gave an improper jury instruction on accomplice liability, the judge allowed a prosecution witness to "vouch" for the victim, the judge failed to give the jury a unanimity instruction, and the judge failed to question a juror regarding her inattentiveness. D.I. 1 at 7, 23-25. These claims were not presented to the state supreme court on direct appeal, in his first postconviction motion, or on appeal from the denial of Durham's postconviction motion, and thus the claims are unexhausted. If Durham tried to raise these claims in a second state postconviction motion, the claims would be procedurally barred under Criminal Rule 61(i)(2) for failure to raise the claims in his first postconviction motion and Rule 61(i)(3) because the claims were not asserted in the proceedings leading to the judgment of conviction. Thus, because there is no available state remedy, Durham is excused from the exhaustion requirement, but the claims are still considered to be procedurally barred. *Lines*, 208 F.3d at 160. Because Durham cannot demonstrate either cause for procedural default, or actual prejudice, his claims of judicial misconduct are unavailing.

To the extent that Durham has alleged ineffective assistance of counsel as cause for his failure to raise his claims of judicial misconduct on direct appeal or on appeal from the denial of his postconviction motion, that claim was also rejected by the state courts. *See* D.I. 1-2 at 52. Moreover, Durham's claim regarding the jury instruction on accomplice liability simply repeats his claim that there was insufficient evidence to support the instruction. *See* D.I. 1 at 23. Once again, there was ample evidence to support the State's theory of the case that Durham acted in conjunction with Quentin Henry and "Peebo" during the home invasion. The jury was under no obligation to believe Henry's testimony that Durham was not present. Further, the testimony of

Detective Humphrey that he believed Taylor, at the scene, had named Durham as one of his assailants can hardly be described as "vouching." *See United States v. Vitillo*, 490 F.3d 314, 327 (3d Cir. 2007) ("For vouching to occur, two criteria must be met: (1) 'the prosecutor must assure the jury that the testimony of a Government witness is credible', and (2) 'this assurance must be based on either the prosecutor's personal knowledge, or other information not contained in the record.'") (citing *United States v. Harris,* 471 F.3d 507, 512 (3d Cir.2006)). Durham's assertion that the trial judge failed to give a unanimity instruction is simply belied by the record. *See* D.I. 3 at 31. Moreover, as to Durham's assertion that his counsel should have raised a claim that the trial judge failed to question a juror regarding her inattentiveness, that claim is entirely without merit. On direct appeal, defense counsel challenged the trial court denial of Durham's motion for a new trial based on a claim of an inattentive juror. The Delaware Supreme Court, in affirming Durham's convictions, commended the trial judge for "properly examining Juror Number Nine, promptly making a comprehensive factual inquiry into Durham's claim, and analyzing Durham's claim in an orderly, logical deductive-reasoning process." 867 A.2d at 181. Thus, had Durham's counsel raised these claims either at trial or on appeal, the claims would not have been successful, and thus Durham cannot demonstrate prejudice. Because Durham cannot establish cause or prejudice to overcome his procedural default in state court, his claims must be dismissed.

**3 & 4. Ineffective assistance of counsel & double jeopardy**

Durham presented his claims of ineffective assistance of counsel for failure to investigate and failure to object to the admission of the handgun found at the scene of the home invasion, and his claim that he was convicted in violation of the Double Jeopardy clause, to Superior Court in his Rule 61 postconviction motion. *See* D.I. 1 at 8-10, 26-30. Durham, however, failed to

present these claims on appeal from Superior Court's decision to deny his postconviction motion. *See* D.I. 2 at 1-17; *Durham*, 2006 WL 2795079 at *1, & nn.9 & 10. Because Durham failed to present these claims to the state supreme court, the claims are unexhausted. If Durham now attempts to raise these claims in a second postconviction motion, the claims would be procedurally barred under Rule 61(i)(4) as formerly adjudicated and Rule 61(i)(3) for failure to have raised them on appeal from the denial of his postconviction motion (ineffective assistance of counsel claims) or on direct appeal (double jeopardy claim). Consequently, although deemed exhausted, such claims are still considered to be procedurally barred. *Lines*, 208 F.3d at 160. Thus, Durham must demonstrate cause for his procedural default and actual prejudice. *See Coleman*, 501 U.S. at 750-51. Durham has failed to allege cause for his failure to present these claims in his *pro se* appeal from the Superior Court's denial of his claims, and the claims can be dismissed on that basis. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin*, 270 F. Supp. 2d at 501. In the absence of cause, this Court is not required to address the issue of prejudice. *McLaughlin*, 270 F. Supp 2d at 513. Moreover, the miscarriage of justice exception does not apply because Durham has not alleged any facts to establish his actual innocence. *See Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir. 2004) (holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.").

**5. Unlawful confinement**

In his final claim, Durham states that he "was illegally detained on charges resulting in his conviction and sentence." D.I. 1 at 31. Durham did not present this claim to the state courts at trial, on direct appeal, in his Rule 61 postconviction motion, or on appeal from the denial of

his postconviction motion. Thus, his claim is unexhausted. If Durham now tried to raise this claim in a second postconviction motion, his claim would be procedurally barred under Rule 61(i)(2) for failure to include the claim in his first postconviction motion and Rule 61(i)(3) for failure to have raised the claim during the proceedings leading to the judgment of conviction unless Durham showed cause for the procedural default and actual prejudice or a miscarriage of justice due to a constitutional violation. *See* DEL. SUPER. CT. CRIM. R. 61(i)(2), (3), (5). Consequently, although deemed exhausted, the claim is still considered to be procedurally barred. *Lines*, 208 F.3d at 160. Durham must demonstrate cause for his procedural default and actual prejudice. *See Coleman*, 501 U.S. at 750-51. Durham has failed to allege cause for his failure to present this claim to the state courts, and the claim can be dismissed on that basis. *See Murray*, 477 U.S. at 533; *McLaughlin*, 270 F. Supp. 2d at 501. In the absence of cause, this Court is not required to address the issue of prejudice. *McLaughlin*, 270 F. Supp 2d at 513. In any case, to the extent that Durham is complaining that the police did not have probable cause to arrest him, Durham failed to allege any evidence presented at trial that was obtained by the State as a result of the alleged illegal arrest. *United States v. Crews*, 445 U.S. 463 (1980) (illegal arrest no bar to prosecution). Moreover, although Durham asserts his actual innocence, he has offered nothing more than his conclusory allegations of perjured testimony in support of his innocence claim.

## Conclusion

Based upon the Superior Court docket sheet, it appears that the following transcripts from Durham's case have been prepared: excerpts of April 2003 trial; December 2003 trial; January 9, 2004 evidentiary hearing; and sentencing. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court. Defense counsel's affidavit submitted pursuant to Criminal Rule 61(g)(2) can be found at D.I. 3 at 26-38.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: November 15, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2007, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on November 15, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

Michael Durham
SBI No. 161286
Delaware Correctional Center
1181 Padock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us