In the United States District Court
For The District of Delaware

Michael Durham,
    Petitioner,

v.                          Civ. Act. No. 07-370-***

Elizabeth Burris, Acting
Warden and Joseph R. Biden
III, Attorney General



FILED
JAN 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Response Answer to State

Vindictive prosecution prosecutors unreasonably charged petitioner based on Accomplice liability and Counsel rendered ineffective Assistance of Counsel when she failed to request a Jury instruction on a complete instruction on accomplice liability pursuant to 11 Del. Code § 274 that "Each person is guilty of an offense of such degree as is compatible with that person's own culpability..." These instructions were warranted by the Evidence, would provided the Jury with a verdict option. When, pursuant to § 271 of this title, 2 or more persons are criminally liable for an offense which is divided into degrees, each person is guilty of an offense of such degree as is compatible with that person's own culpable mental state and with that person's own accountability for an aggravating fact or circumstance.

"In order to prevail under the sixth amendment on the grounds of ineffective assistance of counsel. The defendant must show that counsels representatation fell below an objective standard of reasonableness "and" that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland vs. Washington, 466 U.S. 668, 688, 694 (1984) Albury v. State, 551 A.2d 53 (Del. 1988)

Defendant should have never been charged with accomplice liability.

The prosecutors let perjured testimony of detective Humphrey go uncorrected. Detective Humphrey stated that he "think" that the victim mentioned petitioner name at the scene. Detective Humphrey never had any notes of his interview and victim was there to testify. This narrative interpretative should have been objected by defendant counsel. More than thirty years ago. In Huggins v. State, This Court held: It is the statement of declarant that is the statement being admitted, not the interpretative narrative of the person who heard the statement. Care should be taken to guarantee that the statue is not abused by permitting a witness such as a police officer, to embellish

the prior statement by his own interpretation, even if the embellishment is made in the utmost good faith. Obviously, the best protection in this regard is a written statement. In the case of oral statement, the best safeguard would seem to be in foundation questions establishing the time, the place and the person to whom the statement was made. These are the traditional safeguards in treating a witness fairly when impeaching him by a prior inconsistent statement. It would seem no less a standard should be required for evidence having substantive independent testimonial value. Huggins v. State, 337 A.2d 28, 29-30 (Del. 1975); Morgan v. State, (2006); Title 11, § 3507

Detective Humphrey should not have given an interpretative statement but was allowed by prosecutor and defense counsel did not object.

Defendant counsel is responsible for issues on direct appeal and did not appeal these issues. The court should find her ineffective. Counsel never meet with defendant to explore other appealable issue defendant had to do it on his own. Defendant cause for procedural default in attributive to defense counsel

-3-

Defense Counsel never asked for proper instruction. A defendant is entitled to an instruction for a lesser included offense when "there is a rational basis in the evidence of a verdict acquitting [a] defendant of the offense charged and convicting him or [her] of the included offens" Johnson v. State, 711 A.2d 18, 31 (Del. 1998). A trial Judge must give a lesser-included offense instruction at the request of either party if the evidence presented is such that a jury could rationally find the defendant guilty of the lesser-included offense and acquit the defendant of the greater offense. State v. Cox, 851 A.2d 1269, 1273 (Del. 2003)

At common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged. This practice offered the jury a choice other than a guilty verdict on the offense charged or acquittal - often described as "All or Nothing" it has long been recognized that jury instructions on lesser-included offense can be beneficial to a criminal defendant by "providing the jury with the third option of convicting on a lesser included offense [thereby] ensuring that the jury will accord the defendant full benefit

-4-

of the Reasonable-doubt Standard. STATE V. COX, 851 A.2d 1269, 1271 (Del. 2003)

As a general rule, the burden of requesting a lesser including offense jury instruction is placed upon defense counsel with formulated trial strategies, CHAO v. State, 604 A.2d 1351, 1358 (Del. 1992)

Courts in various jurisdictions have found ineffective-assistance of counsel where trial counsel's "All or nothing" strategy was designed to force the jury to Acquit of the greater offense and avoid a compromise verdict on the lesser offense. See United States exrel. BARNARD v. LANE, 819 F.2d 798 (7th Cir. 1987), State v. WARD, 125 Wash. App. 243, 104 P.3d 670 (2004) People v. Lemke, 349 Ill. App. 3d 391, 811 N.E. 2d 708 (2004).

It is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if prosecution has not established beyond a reasonable doubt every element of the offense charged and if no lesser offense instruction is offered.

- 5 -

The jury must as a theoretical matter return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction in this context or any other - precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt but the defendant is plainly guilty of some offense the jury is likely to resolve its doubts in favor of conviction. Keeble v. United States, 412 U.S. 205, 212-213 (1973).

Here the jury was not instruct to make an individualized determination of Durhams mental state. Counsel's tactic prejudiced Durhams under the circumstances given that Durham was looking at a mandatory sentence based upon his status as a habitual offender and because a lesser included offense instruction would not have jeopardized his appeal to the jury for an outright acquittal. Murray v. Carrier, 477 U.S. 478 (1986)

If the procedural default is the result of ineffective assistance of counsel, the sixth amendment itself requires that responsibility

for the default be imputed to the state which may not [conduct] trials at which persons who face incarceration must defend themselves without adequate legal assistance, ineffective assistance of counsel, there is cause for a procedural default.

Counselor error so grievous that her performance fell below an objective standard of reasonableness and the outcome prejudice defendant that he was found guilty and declared an habitual. Counselor did not seek plea agreement for defendants nor to investigate other appealable issues. Counsel fail to object to unconstitutional acts render her ineffective.

For the foregoing reasons, the petitioner writ of habeas corpus should be granted

Date: January 23, 2008

Michael Durham
Michael Durham 161286
Delaware Correctional Ct.
1181 Paddock Road
Smyrna, DE. 19977

-7-

Certificate of Service

I hereby certify that on January 23, 2008, I sent the following Response to State's Answer to the following entities)

Deputy Attorney General
Elizabeth R. McFarlan
Department of Justice
820 N. French St.
Wilm, DE. 19801

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilm, DE. 19801-3570

On this 23 day of January 2008 by placing it in the U.S. mail

Dated: 1/23/08

Michael Durke

I/M Michael Durham
SBI# 161286     UNIT C-Bids
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal/mailed
1/24/08

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT OF DELAWARE
844 N. KING STREET, LOCKBOX 18
WILMINGTON
DELAWARE
19801-3570